**WESTERN STAR LODGE, NO. 24, F. & A. M., et al. v. BURKES CONST. CO. et al.**

(Circuit Court of Appeals, Fifth Circuit. March 24, 1920. Rehearing Denied June 10, 1920.)

No. 3471.

1. Bankruptcy ☞390—No power to enter decree pro confesso during abate- ment of suit by reason of plaintiff's bankruptcy.

While equity rules 12, 16 (198 Fed. xxii, xxiii, 115 C. C. A. xxii, xxiii), require a defendant to answer within 20 days after service of the sub- poena, and provide that in default of such answer an order may be entered that the bill be taken pro confesso, where the suit abates by the bank- ruptcy of plaintiff before that time, no answer is required until a plaintiff has been substituted by order of the court, nor has the court power to order entry of a decree pro confesso.

2. Bankruptcy ☞156—Substitution of trustee can be effected only by order of court.

A motion by a trustee in bankruptcy to be substituted as plaintiff in a pending suit by bankrupt does not effect such substitution, which can only be made by a judicial order.

Appeal from the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the Burkes Construction Company and others against the Western Star Lodge, No. 24, F. & A. M., and others. Decree for complainants, and defendants appeal. Reversed and remanded.

R. H. Oliver, Jr., John M. Munholland, and Percy Sandel, all of Monroe, La., and Robert A. Hunter, of Shreveport, La., for appellants.

Henry Bernstein, F. G. Hudson, Jr., and John C. Theus, all of Monroe, La., J. Zach Spearing, of New Orleans, La., and N. T. Currie, of Hattiesburg, Miss., for appellees.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

CALL, District Judge. This appeal presents matters of procedure in the trial court. The merits of the litigation are not before us on this record. The material facts shown by the record can be stated as follows:

On June 11, 1917, the Burkes Construction Company (herein called the appellee), a Mississippi corporation, filed at Monroe, in the Western district of Louisiana, its bill against the Western Star Lodge, No. 24, F. & A. M., of Monroe, La. (hereinafter called the appellant), and various other defendants, wherein it sought to have a building contract declared breached by the appellant, to have damages awarded for said breach, liens declared upon the building for materialmen, to have its bond released, and general relief. Subpœna was duly issued and served upon some of the defendants. On July 5, 1917, the appellant entered its appearance. On September 4, 1917, the bonding company, one of the defendants, obtained an order granting it 30 days to plead or answer the bill. On October 1, 1917, the appellant filed what is styled a plea in abatement, wherein it "shows to the court" that on June 12, 1917, the appellee had been duly adjudicated a bankrupt by the United States District Court for the Southern District of Mississippi, and that one McCullough had been duly appointed trustee for the bankrupt estate, and praying to be relieved from further answering until such trustee may be lawfully made a party to the proceeding.

On November 7, 1917, the appellant filed a motion to transfer the cause to the law side of the court. On October 3d this entry appears in the equity journal:

"Burkes Construction Co. v. Western Star Lodge, No. 24, F. & A. M.

"No. 1150 in Equity.

"In this cause, now into court comes N. R. McCullough, Esq., as trustee in bankruptcy of the complainant herein, Burkes Construction Company, and files a petition praying that he be substituted as plaintiff in this cause in the stead of Burkes Construction Company; the trustee appearing herein through his solicitors, Messrs. Currie & Currie."

On April 1, 1918, appears upon the same journal an order of continuance by consent. On April 3, 1918, an order was made by the judge of the lower court, on the application of such trustee, for service upon certain nonresident defendants. On October 7, 1918, an order of continuance appears in the equity journal. On October 8th the journal shows this entry:

"It is ordered that decree pro confesso be and the same is hereby entered as to all the defendants in this cause."

All these orders appear to have been made at the Monroe court. Upon this decree pro confesso a final decree was, on December 2, 1918, at Shreveport, La., signed by the presiding judge. The appellant seeks a reversal of this decree, and makes seven assignments of error.

[1] The fourth assignment raises the question whether the decree pro confesso could be entered against the defendants on October 8, 1918, in the then condition of the cause. If the condition of the cause did not authorize the entry of the decree pro confesso, then the passing of the final decree based thereon must fall. The decision of this question must depend on the provisions of the new equity rules promulgated by the Supreme Court. Rule 12 (198 Fed. xxii, 115 C. C. A. xxii), provides:

"At the bottom of the subpœna shall be placed a memorandum that the defendant is required to file his answer or other defense in the clerk's office on or before the twentieth day after service; * * * otherwise the bill may be taken pro confesso."

Rule 16 (198 Fed. xxiii, 115 C. C. A. xxiii) provides:

"It shall be the duty of the defendant * * * to file his answer or other defense to the bill in the clerk's office within the time named in the subpœna as required by rule 12. In default thereof the plaintiff may, at his election, take an order as of course that the bill be taken pro confesso; and thereupon the cause shall be proceeded in ex parte."

Rule 5 (198 Fed. xx, 115 C. C. A. xx) provides that orders for taking bills pro confesso shall be deemed grantable of course by the clerk. At the time the order taking the bill pro confesso was entered, the condition of this cause, as shown by the record, was that bill of complaint had been filed; a subpœna issued and served upon some of the defendants, requiring them to file answers or other defenses in the clerk's office within 20 days from the time of service; the appellee had, the day after filing the bill of complaint, been judicially declared a bankrupt and was thereby legally unable to further proceed with the cause. This fact was called to the attention of the court by what the defendant styled a plea in abatement. It is true pleas, demurrers, and exceptions are abolished by the new rules, but the record shows without any doubt that there was no plaintiff then in existence authorized to conduct the litigation. Under this condition of the pleading, the trustee in bankruptcy, admitting the fact of bankruptcy, petitions to be allowed to come in and be substituted as the plaintiff, but no order of substitution was ever made by the court.

[2] We do not understand that any one can make himself a party plaintiff or defendant in an equity cause by simply filing a paper therein, asking to be made a party. It takes the judicial action of the court, and this action evidenced by an order made in the cause. This view is supported by a consideration of rules 43 and 44 (198 Fed. xxx, 115 C. C. A. xxx), which seem to treat the suggestion of necessary parties when made in the answer as required by rule 43 (198 Fed. xxx, 115 C. C. A. xxx) as a motion. The plea in this case can well be given the same effect.

Rule 45 (198 Fed. xxx, 115 C. C. A. xxx) provides for the revival of suits abated by the death of either party. An order of the court is required. While the adjudication in bankruptcy of the sole plaintiff in the cause may not, strictly speaking, cause the suit to abate as though he were dead, yet bankruptcy is a kind of legal death, in so far as the maintenance of suits of this nature and the purposes for which this suit was brought. It appears to us that the proceeding for making his trustee a party plaintiff to prosecute them should closely follow the requirements of rule 45 (198 Fed. xxx, 115 C. C. A. xxx). Certainly the defendants cannot be put in default for not answering a bill of complaint with no party plaintiff to prosecute it.

It was no longer the suit of Burkes Construction Company, because it had been adjudicated a bankrupt. It was not the suit of the trustee in bankruptcy, because he had never been made a party plaintiff. There was therefore no bill of complaint which could be taken pro confesso against the defendants. They were not in default. There had not been a time since the service of the subpoena when the appellant could have answered.

It is contended in the briefs and on argument that the court, by making the order of service on nonresident defendants on the petition of the trustee, thereby recognized him as the party plaintiff. This might be tenable if it was sought to estop the trustee from contending that he was not a party and bound by the decree, but is untenable when the defendant is sought to be bound. The appellant in no way participated in procuring said order for service. Nor do we think the order of continuance, entered on April 1, 1918, which appears to have been consented to, had the effect to estop him from insisting that there should be a party plaintiff in the cause before he can be declared in default.

There are a number of assignments urged in the brief of appellant, and discussed by the appellee; but it is not necessary to express any opinion thereon, and we therefore refrain.

There was a motion filed by appellee to strike certain portions of the record. In the view we take of the case, a consideration of those portions of the record attacked by the motion is unnecessary, and we therefore express no opinion whether said motion should be granted or denied. The final decree being based on the decree pro confesso, it follows that, if the decree pro confesso was entered without authority, said final decree must also be vacated. The cause will therefore be reversed and remanded for such further proceedings as are in conformity to law. The costs of appeal will be taxed against the appellees.

Reversed and remanded.